```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                        :
EDWARD GALLARZA,                        :
                                        :
         Petitioner,                    :   Civ. No. 12-7740 (NLH)
                                        :
    v.                                  :   OPINION
                                        :
FEDERAL BUREAU OF PRISONS, et al.,      :
                                        :
         Respondents.                   :
_____:

APPEARANCES:
Edward Gallarza, #09426-084
Federal Prison Camp
P.O. Box 1000
Cumberland, MD 21501
    Petitioner Pro se

John Andrew Ruymann
Office of the United States Attorney
402 East State St.
Suite 430
Trenton, NJ 08608
    Counsel for Respondent


HILLMAN, District Judge

    On or about December 21, 2012, Petitioner Edward Gallarza, a prisoner formerly confined at the Federal Prison Camp in Cumberland, Maryland filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence. (ECF No. 1). Petitioner paid the filing fee and, on May 16, 2013, he filed an Amended Petition. (ECF No. 3). On March 6, 2014, the Court ordered an Answer from Respondent. (ECF No. 4). On April

7, 2014, Respondents filed their Answer. (ECF No. 8). Petitioner did not file a Traverse or otherwise respond to Respondents' Answer.  This matter is now fully briefed.  For the reasons that follow, the Petition will be DENIED.

## I.   BACKGROUND

Petitioner was arrested in New York by state authorities for possession with intent to distribute stimulants on July 12, 2000.  On May 14, 2002, Petitioner was sentenced in the New York County Superior Court to one to three years' imprisonment for Possession with Intent to Distribute Stimulants. (Decl. of J.R. Johnson 7-8, Attach. 1, Sentence and Commitment, ECF No. 8-1).

On June 25, 2002, Petitioner was temporarily transferred from the New York Department of Corrections to the U.S. Marshals Service pursuant to a writ of habeas corpus ad prosequendum.  On August 19, 2002, a jury found Petitioner guilty of Conspiracy to Possess with Intent to Distribute Crack Cocaine in federal court. See United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. Aug. 19, 2002), ECF No. 161.  On January 28, 2003, Petitioner was sentenced in the United States District Court for the Western District of Virginia to 324 months' imprisonment. United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. Jan. 29, 2003), ECF No. 164.

Petitioner was paroled from his state sentence on July 31, 2003 and commenced service of his 324-month federal sentence on

that date.  However, since the initial federal sentencing order, Petitioner's sentence has been reduced three times.  First, on April 7, 2008, the sentencing court issued an order reducing Petitioner's federal sentence from 324 months to 262 months' imprisonment based on new sentencing guidelines for offenses involving cocaine base.  United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. Apr. 8, 2008), ECF No. 365.  Then, on October 6, 2011, the sentencing court issued an order reducing Petitioner's sentence from 262 months to 188 months' imprisonment in accordance with another change in the sentencing guidelines.  United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. Oct. 6, 2011), ECF No. 467.  Most recently, on June 16, 2015, the sentencing court further reduced Petitioner's sentence from 188 months to 168 months.  United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. June 16, 2015), ECF No. 513.  Pursuant to the Bureau of Prison's website, Petitioner is scheduled to be released on December 17, 2015.  See http://www.bop.gov/inmateloc/.

In his Petition, Petitioner asserts that he is entitled to an additional 13 months' credit toward his federal sentence due to the Bureau of Prisons' ("BOP") use of an improper commencement date.  In support of this assertion, Petitioner cites to a notice filed by the sentencing court which informed the parties of a retroactive amendment to the federal sentencing

3

guidelines. See United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. Aug. 16, 2011), ECF No. 459.  Specifically, the sentencing court stated in this notice, "Gallarza has already served approximately 110 months." Id.  Using this reference to 110 months of service, Petitioner concludes that his federal sentence commenced on June 26, 2002, the date on which "the U.S. Marshall [sic] Service picked Petitioner up from where he was serving his state sentence and brought him to face his federal charges." (Am. Pet. 11, ECF No. 3).  Petitioner further states that "[t]here is clearly a disparity of 13 months from [the sentencing judge's] findings to the BOP's calculation [of Petitioner's sentence]." (Id. at 12).  Petitioner asks that this Court determine that his federal sentence commenced on June 26, 2002.

Respondents explain that the sentencing court's statement that Petitioner had served 110 months was "an inconsequential misstatement." (Resp't's Br. 5, ECF No. 8).  Respondents further state that Petitioner's sentence properly commenced on July 31, 2003.[1]

---

[1] Respondents explain that Petitioner Edward Gallarza is also known as "Hector Ortiz." (Resp'ts' Br. 2, ECF No. 8); (Decl. of J.R. Johnson 1, ECF No. 8-1).  Indeed, the New York State documents submitted by Respondents bear the name "Hector Ortiz" and only a handwritten notation of "Edward Gallarza." (Decl. of J.R. Johnson 7-8, Attach. 1, Sentence and Commitment, ECF No. 8-1); (Id. at 22, Attach. 4, New York State ("NYS") Department of Correctional Services ("DOCS") Inmate Information, ECF No. 8-1).

II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult,

---

However, the printout from the United States Marshals ("USM") Service Prisoner Tracking System clarifies that "Edward Gallarza" — the name that is used in the records of the United States District Court for the Western District of Virginia — is a known alias of "Hector Ortiz." (Id. at 10-12, Attach. 2). Moreover, the identification numbers listed in the USM documents — 02-R-2716 and 7827214M — correspond with the identification numbers associated with the New York State court action for Hector Ortiz; and the FBI number on the USM forms — 153769EB3 — corresponds with the FBI number listed on the BOP's records for Edward Gallarza, see (Id. at 26, Attach. 5). Finally, the Court notes that Petitioner does not dispute Respondents' assertion that Petitioner Edward Gallarza was prosecuted in New York State under the alias Hector Ortiz.

5

708 F.3d 140, 148 n.3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

A. Jurisdiction

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Additionally, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

In this case, Petitioner files this habeas petition challenging the BOP's execution of his federal sentence. Respondents concede that Petitioner has exhausted his administrative remedies. Accordingly, this Court has jurisdiction over the instant habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005).

B. Analysis

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see United States v. Wilson, 503 U.S. 329 (1992) and 18

6

U.S.C. § 3585, and the Attorney General has delegated that authority to the BOP, see 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination. First, the BOP determines the date on which the federal sentence commences and, second, the BOP determines the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

In this case, Petitioner challenges only the commencement date of his federal sentence. See (Am. Pet. 2, ECF No. 3) ("I am challenging the date the court intended my sentence to begin."). Specifically, he asserts that his federal sentence should have commenced on June 26, 2002 because that is "the date which the

7

U.S. Marshall [sic] Service picked up Petitioner from where he was serving his state sentence and brought him to face his federal charges" (Am. Pet. 11, ECF No. 3), and because the sentencing judge made a "finding" that, as of August 16, 2011, Petitioner had served 110 months[2] (Id. at 11-12).

As an initial matter, the reference to "110 months" cited by Petitioner does not represent a finding by the sentencing court.  This language does not appear in the holding of a court order and, instead, is dicta in a notice to the parties regarding a possible reduction in Petitioner's sentence due to a change in the federal sentencing guidelines.  Further, as explained above, the BOP — and not the sentencing court — is responsible for computing federal sentences. See 28 C.F.R. § 0.96 (1992).  Thus, the sentencing court's reference to 110 months in a notice to parties does not carry any authoritative weight and has no bearing on the BOP's determination regarding the commencement date of Petitioner's federal sentence.

Moreover, the record in this case shows that Petitioner entered state custody on June 3, 2002. See (Decl. of J.R. Johnson 22, Attach. 4, New York State ("NYS") Department of Correctional Services ("DOCS") Inmate Information, ECF No. 8-1);

---

[2] Using the 110 months referenced in the sentencing court's order, and working backwards from the date the order was issued, Petitioner concludes that his federal sentence must have commenced on June 26, 2002.

8

see also George v. Longley, 463 F. App'x 136, 138 n.4 (3d Cir. 2012) (collecting cases) (explaining that custody is usually determined on a first-exercised basis).

The record further indicates that — aside from an appearance in federal court on a writ of habeas corpus ad prosequendum — Petitioner remained in state custody from June 3, 2002 to the time he was paroled from state custody on July 31, 2003. See (Decl. of J.R. Johnson 22, Attach. 4, NYS DOCS Inmate Information, ECF No. 8-1); Williams v. Zickefoose, 504 F. App'x 105, 107 n.1 (3d Cir. 2012) (citations omitted) (holding that "a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction ... 'unless and until the first sovereign relinquishes jurisdiction over the prisoner.'").

The Court notes that the docket in Petitioner's underlying criminal case reflects that Petitioner was produced on a writ of habeas corpus ad testificandum. See United States v. Gallarza, No. 01-cr-30058-4 (W.D. Va. June 7, 2002), ECF No. 138. However, Respondents' brief and supporting documentation indicate that Petitioner was produced via a writ of habeas corpus ad prosequendum. (Resp'ts' Br. 8-9, ECF No. 8); (Decl. of J.R. Johnson 11, Attach. 2, United States Marshals Service Prison Tracking System, ECF No. 8-1). Regardless of the precise writ under which Petitioner was produced in federal court, the

9

state did not relinquish custody. See Garland v. Sullivan, 737 F.2d 1283, 1288-89 (3d Cir. 1984) aff'd sub nom. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985) ("A prisoner produced in response to a writ of habeas corpus ad testificandum is still in custody and the court or commissioner issuing the writ has no power . . . to take him from the custody of one officer and put him in another.").

Petitioner has provided no evidence which supports his assertion that the commencement date of his federal sentence should have been June 26, 2002. Accordingly, there is nothing before the Court to suggest that the BOP's determination that Petitioner commenced service of his federal sentence on the day he was paroled from his state sentence — July 31, 2003 — was improper or an abuse of discretion. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (decision of the BOP is subject to judicial review only for abuse of discretion); see also, e.g., Perry v. Warden Fort Dix FCI, 609 F. App'x 725, 727 (3d Cir. 2015) (citing 18 U.S.C. § 3585(a)); Perry v. Warden Fort DIX FCI, 609 F. App'x 725, 727 (3d Cir. 2015).[3]

---

[3] Petitioner does not challenge the BOP's calculation of his sentence credit; nor does he allege that his state and federal sentences should have run concurrently. Nevertheless, the Court offers the following brief analysis.
With respect to sentence credit, the record shows that Petitioner's federal sentence was credited 1 day, representing a

10

IV.   CONCLUSION

For the foregoing reasons, the Petition is denied.

An appropriate Order will be entered.

                                          ____s/ Noel L. Hillman____
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: December 8, 2015
Camden, New Jersey

---

day Petitioner spent in state custody that was not credited toward his state sentence. See (Decl. of J.R. Johnson 8, Attach. 1, Jail Time Certification, ECF No. 8-1); (Decl. of J.R. Johnson 8, Attach. 5, Sentence Monitoring Computation Data, ECF No. 8-1).  Also, the record indicates that the remainder of the time Petitioner spent in state custody — two days in July 2000 after his initial arrest and 106 days since his second arrest in February 2002 — was applied toward his state sentence. See (Decl. of J.R. Johnson 8, Attach. 1, Jail Time Certification, ECF No. 8-1).  Because the time Petitioner spent in custody prior to July 31, 2003 was already credited against his state sentence, Petitioner is precluded by statute from receiving credit for this time against his federal sentence. 18 U.S.C. § 3585 (b); see also Wilson, 503 U.S. at 337.
    Additionally, the federal sentencing court did not specify whether the federal sentence was to run consecutive or concurrent to the state sentence. (Decl. of J.R. Johnson 14-20, Attach. 3, Criminal Judgment, ECF No. 8-1).  Therefore, the default presumption is that Petitioner's sentences should run consecutively. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); George v. Longley, 463 F. App'x 136, 141 (3d Cir. 2012) (holding that if a federal sentencing court is silent as to whether a federal sentence is to be consecutive or concurrent to a state sentence, the BOP presumes that they are to be served consecutively).

11